School District of the City of Allentown, Appellant *v.* Allentown Education Association, Robert Piehl, President and Mary Alice Palencar, Secretary, Appellees.

Argued December 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William G. Malkames*, with him *Hayes & Feege, P.C.*, for appellant.

*Joseph L. Rosenfeld, Rosenfeld Law Offices, P.C.*, for appellees.

OPINION BY JUDGE MENCER, February 6, 1976:

This case involves an appeal from a single arbitrator's award in favor of the Allentown Education Association (Association) entered against the School District of the City of Allentown (District). At the center of this controversy is the arbitrator's interpretation of note 13 contained in the collective bargaining agreement between the Association and the District. That provision reads in full:

"Note 13. The sum of $10,000 shall be assigned to the Extra Pay for Extra Duty Schedule for the 1973-74 school term. Allocation of these monies shall be made after consultation between the Superintendent of Schools, or his designees, and representatives of the Association and representatives of the employees receiving remuneration under said categories.

In September, 1974, the sum of $10,000 shall be assigned to the Extra Pay for Extra Duty

Schedule. Allocation of these monies shall be made after consultation between the Superintendent of Schools, or his designees, and representatives of the Association and representatives of the employees receiving remuneration under said categories."

To summarize the positions of the parties briefly, the District contends that the proper interpretation of this provision is that $10,000 is to be made available in each of the school terms 1973-74 and 1974-75 for extra pay for extra duty; the Association contends that this language means that a total of $20,000 over and above the amount available prior to the 1973-74 term is to be supplied for extra pay for extra duty in 1974-75. In short, the question facing the arbitrator was whether the $10,000 provided in September 1974 should be interpreted as a continuation of or an addition to the amount provided for 1973-74.

The exclusive jurisdiction of this Court to review awards under the Public Employe Relations Act (PERA)[1] following arbitration arising from disputes or grievances over the interpretation of collective bargaining agreements in force is based on Pa. R.J.A. No. 2101. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 17 Pa. Commonwealth Ct. 231, 331 A. 2d 921 (1975).

The District contends first that the arbitrator erred in concluding that note 13 requires interpretation at all. However, the arbitrator reasoned that "[e]ach side has contended that the language is clear and supports its position. This is perhaps the best evidence that the language is, in fact, ambiguous." Although we do not adopt this rationale, we do conclude here that the arbitrator did not err in determining that note 13 requires interpretation.

---

1. Act of July 23, 1970, P. L. 563, 43 P.S. §1101.101 et seq.

The District's second, and more serious, objection relates to the manner in which the arbitrator resolved the ambiguity found to exist. After considering the arguments of both parties, as well as the various methods which are commonly used to resolve ambiguity in contractual language, the arbitrator concluded: "In short, it appears to the arbitrator that none of the customary methods used to interpret ambiguous language gives us a conclusive way of determining the meaning of Note 13." To resolve this dilemma, the arbitrator considered a letter solicited by the Association from the mediator who had participated in the original collective bargaining process. In that letter the mediator, relying on his records and notes, recalled that "the amount of money involved for the 1974-75 school term is in addition to the amount specified for the 1973-74 school term." Accordingly, the arbitrator held in favor of the Association.

The District strongly objects to the reliance of the arbitrator on this letter, alleging, among other things, that the letter is hearsay since the mediator was not available for cross-examination and that introduction of the letter deprived the District of a fair hearing. The District urges that the arbitrator's award be set aside for these reasons.

In *Smaligo v. Fireman's Fund Insurance Company*, 432 Pa. 133, 247 A. 2d 577 (1968), on which the District relies, the Pennsylvania Supreme Court held that the refusal of an arbitrator to allow one party to admit crucial factual evidence from an expert witness was found to constitute a denial of a fair hearing. In the instant case, no testimony was omitted which bears on a crucial factual issue. Admittedly, the District could not cross-examine the mediator; however, the record does not indicate that the District was in any way unfairly surprised by the introduction of the letter. Nor was the District prevented from rebutting the letter with testimony of others present at the negotiations. It is our

judgment that the necessary requisites of due process, including notice and an opportunity to be heard, have been met.[2]

This Court, quite recently, in *Teamsters Local 77 v. Pennsylvania Turnpike Commission*, 17 Pa. Commonwealth Ct. 238, 331 A. 2d 588 (1975), adopted the federal test for review of an arbitrator's award under Pa. R.J.A. 2101. This so-called "essence test" is derived from *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593 (1960), which holds that an arbitrator's award "is legitimate only so long as it draws its essence from the collective bargaining agreement." 363 U.S. at 597. The Court of Appeals for the Third Circuit further explained the "essence test" as follows:

> "Accordingly, we hold that a labor arbitrator's award does 'draw its essence from the collective bargaining agreement' *if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention;* only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award." *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F. 2d 1123, 1128 (3d Cir. 1969) (footnote omitted) (emphasis added).

We cannot find in the case at bar such a "manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop" which would permit us to overturn the award under the "essence test." The arbitrator found both suggested interpretations of note 13 equally plausible after reviewing all the evidence other than the mediator's letter. We will not set aside his award because he chose to consider pro-

---

2. *See Allstate Insurance Company v. Fioravanti*, 451 Pa. 108, 299 A. 2d 585 (1973).

bative, albeit hearsay, evidence rather than to be decisionally stalemated.[3]

While this Court, if it had originally been asked to construe the contract, might have reached a different result, we are mindful of the admonition of Mr. Justice DOUGLAS in *Enterprise Wheel, supra* at 599, that "so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

Award affirmed.

President Judge BOWMAN dissents.

---

3. Compare *County of Franklin v. American Federation of State, County and Municipal Employees*, 21 Pa. Commonwealth Ct. 379, 346 A. 2d 845 (1975), *and County of Allegheny v. Allegheny County Prison Employees Independent Union*, 20 Pa. Commonwealth Ct. 173, 341 A. 2d 578 (1975), where the arbitrator's award was found to be totally unsupported by the contractual language itself.