American Federation of State, County and Municipal Employes, AFL-CIO *v.* Commonwealth of Pennsylvania, Appellant.

Argued December 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Miles J. Gibbons, Jr.,* for appellant.

*Neal Goldstein,* with him *Richard Kirschner,* and *Markowitz & Kirschner,* for appellee.

OPINION BY JUDGE BLATT, March 24, 1976:

The Commonwealth of Pennsylvania (Commonwealth) entered into a collective bargaining agreement (agreement) with the American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) on July 1, 1973. This agreement was entered into pursuant to the Public Employe Relations Act[1] (PERA) and purports to represent "the entire agreement" be-

---

1. Act of July 23, 1970, P. L. 563, *as amended,* 43 P. S. §1101-101 et seq.

tween the parties. A grievance was filed by a civil service employee, who was represented by AFSCME, and the grievance was submitted to arbitration. The Arbitrator's award was in favor of the grievant and the Commonwealth has now appealed to this Court pursuant to Pa. R.J.A. No. 2101.

The grievant was a Correctional Officer Trainee at a state correctional institution. He had a poor job attendance record and had received a written memorandum of warning regarding his absenteeism. A short time after this warning, he was again absent from work. Upon his return, he was asked to meet with three of his superiors, and, approximately one-half hour after this meeting, he was recalled to his superior's office and asked to sign a letter of resignation, which had been prepared in his absence. This he did. The grievance filed in his behalf alleges that he was constructively discharged in violation of his employment rights under the agreement, and the Commonwealth defended on the ground that he had resigned and, therefore, that no violation of the agreement had occurred. The Arbitrator decided, after listening to the conflicting testimony of the parties, that the grievant had been constructively discharged under circumstances which violated the collective bargaining agreement and ordered his reinstatement with back pay. It is this order which the Commonwealth appeals here.

It is clear that Pa. R.J.A. No. 2101 provides this Court with subject matter jurisdiction over an appeal from an arbitrator's award made pursuant to a collective bargaining agreement. *County of Franklin v. American Federation of State, County and Municipal Employees,* 21 Pa. Commonwealth Ct. 379, 346 A.2d 845 (1975); *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA),* 17 Pa. Commonwealth Ct. 231, 331 A.2d 921 (1975).

It is especially clear that the standard of review here is the so-called "essence test," which provides that the

award of an arbitrator, commissioned pursuant to a collective bargaining agreement, must draw its "essence" from that agreement. The arbitrator is restricted to an interpretation and application of the agreement, and his award must draw its "essence" from the basic agreement if it is in any way rationally derived therefrom. Only when there is a manifest disregard of the agreement may the reviewing court disturb the award. *County of Franklin, supra; County of Allegheny v. Allegheny County Prison Employees Independent Union,* 20 Pa. Commonwealth Ct. 173, 341 A.2d 578 (1975); *Teamsters Local Union 77 v. Pennsylvania Turnpike Commission,* 17 Pa. Commonwealth Ct. 238, 331 A.2d 588 (1975).

Here, the Arbitrator examined the testimony of the parties and concluded that the circumstances of the termination of the grievant's employment constituted, in reality, a discharge. He referred to Appendix F of the agreement, which provides, *inter alia,* as follows:

"The Employer shall furnish written notification of supervisory . . . charges against the employe at least twenty-four (24) hours prior to the commencement of proceedings."

He noted that confronting an employee with oral charges of unsatisfactory job performance, informing him that disciplinary action was being recommended and requesting his resignation, all as happened here, amounted to a constructive discharge and constituted "the commencement of proceedings" as that phase is used in Appendix F. He then concluded that the requirement of Appendix F, a prior written notification of the commencement of proceedings, had not been afforded to the grievant. He held, therefore, that the agreement had been violated. The Arbitrator's award here is based directly upon the collective bargaining agreement, clearly draws its essence therefrom and the Arbitrator's interpretations of the agreement are reasonably made within its boundaries.

We, therefore, enter the following

### ORDER

AND NOW, this 24th day of March, 1976, the award of the Arbitrator, dated June 13, 1975, is hereby affirmed and the appeal of the Commonwealth is dismissed.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I cannot conclude, as the majority does, that "confronting an employee with oral charges of unsatisfactory job performance, informing him that disciplinary action was being recommended and requesting his resignation, all as happened here, amounted to a constructive discharge and constituted 'the commencement of proceedings' as that phase is used in Appendix F."

Appendix F of the agreement in question provides, *inter alia,* as follows:

> "The Employer shall furnish written notification of supervisory . . . charges against the employe at least twenty-four (24) hours prior to the commencement of proceedings."

Here there was no such notification, but there was none needed since the grievant resigned. However, accepting the majority's determination that under the facts here the grievant was constructively discharged, it does not seem to me that (1) confronting an employee with unsatisfactory job performance, (2) informing him that disciplinary action was being recommended, and (3) requesting his resignation constitutes the "commencement of proceedings." Without such a conclusion, written notification was not required and the agreement had not been violated.

The arbitrator's award, based solely on his determination that a prior written notification of the commencement of proceedings had not been afforded to the grievant, should not be allowed to stand on a record which cries out that no proceedings were commenced.