## Martz v. Boxer

*Richard B. Bateman Jr.,* for plaintiff.
*Charles A. Saylor,* for defendant.

FEUDALE, *J.,* December 18, 1991—Before the court is a motion for summary judgment filed by defendant Julia A. Boxer. The issue presented is whether the Pennsylvania Workmen's Compensation Act, codified at 77 P.S. §1 et seq., provided the exclusive remedy for a co-employee injured in the parking lot of her employer?

The facts are as follows: Both plaintiff and defendant were employees of A&E Hangers, Ringtown, Schuylkill County, Pennsylvania. On the morning in question, April 25, 1989, a little after 7 a.m. both co-employees had finished night shift and had punched out on the time clock. The time clock was located at the side door where the employees would exit and cross over an unmarked lane to reach their parked cars. The side parking lot was designated by the employer for employees only, while the parking lot at the front of the building was reserved for management. Martz, after leaving the side door with two friends and saying goodbye, proceeded to cross the unmarked lane to the parking lot where she was struck and injured by a vehicle operated by defendant Boxer.

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there's no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035. In considering a motion for summary judgment, the court must review the record in the light most favorable to the non-moving party. *Pocono International Raceway Inc. v. Pocono Product Inc.*, 503 Pa. 80, 82-83, 468 A.2d 468, 470 (1983). The court's sole function is to determine whether there is an issue of fact to be tried and not to decide issues of fact. *Speight v. Burens*, 371 Pa. Super. 478, 538 A.2d 542 (1988). Finally, the court must resolve all doubts as to the existence of a genuine issue of fact against the party moving for summary judgment. See *Taylor v. Tukanowicz*, 290 Pa. Super. 581, 586, 453 A.2d 181, 183 (1981).

Defendant's motion for summary judgment is based upon the theory of "co-employee immunity," under section 72 of the Workmen's Compensation Act, which provides as follows:

"§72. *Liability of Fellow Employee*—

"If disability or death is compensable under this Act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

It is undisputed that this accident occurred between fellow employees in the parking lot of their employer immediately after completion of the work shift. However, it must be decided whether or not plaintiff's injuries resulted in an "injury arising in the course of his employment" within the meaning of subsection 411(1) of the

Workmen's Compensation Act. The operative language of section 411(1) provides:

"The terms 'injury' and 'personal injury' as used in this Act, shall be construed to mean an injury to an employee, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this Act, it shall mean only death resulting from such injury and its resultant effects, and occurring within 300 weeks after the injury. The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment, but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on the employee's presence thereon being required by the nature of his employment."

The first question is whether the plaintiff was "on the employer's premises" within the intendment of the Workmen's Compensation Act. In construing the phrase "on the employer's premises" Pennsylvania courts have looked to whether the location of the accident was so connected with the defendant's business or operating premises as

to form an integral part thereof. See *Ludwig v. Radio Corp. of America,* 337 F.Supp. 664 (E.D. Pa. 1972), *aff'd,* 474 F.2d 1339 (1973). See also, *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commw. 385, 424 A.2d 1015 (1981). An "employer's premises" has been defined to include a reasonable means of access to the situs of an employer's business operation. *Schofield v. Workmen's Compensation Appeal Board,* 39 Pa. Commw. 282, 395 A.2d 328 (1978), citing *Workmen's Compensation Appeal Board v. Levy,* 23 Pa. Commw. 658, 354 A.2d 1 (1926).

Several Pennsylvania cases have recognized that a parking lot can be so related to the carrying on of the employer's business as to constitute an integral part of its operations that accidents occurring thereon are compensable. In *Shaffer v. Somerset Community Hospital,* 205 Pa. Super 419, 211 A.2d 49 (1965), a parking lot was designated for hospital personnel only. A nurse who parked her automobile in the lot and started to walk to the hospital to begin her day's work, fell on the icy lot and was injured. The court held that the parking lot was part of the hospital's premises and that the nurse was injured "in the course of employment" and was entitled to compensation. The court in so holding observed that "in determining the instant appeal, we may not close our eyes to the needs of present-day society. The automobile has become universal means of transportation. A hospital must of necessity have a parking lot." *Id.* at 422, 211 A.2d at 50.

The Pennsylvania Supreme Court found that an injured employee was entitled to workmen's compensation benefits in *Epler v. North America Rockwell Corp.,* 482 Pa. 391, 393 A.2d 1163 (1978), where an employee was struck while crossing a public street after leaving the plant in order to reach the employee's parking lot. While the

court focused on the issue as to whether workmen's compensation benefits were unavailing because the accident occurred on a public road, the Supreme Court first noted that:

"It is clear that claimant would have been entitled to recovery under the facts of this case if the fatal accident occurred while he was on the non-contiguous parking lot preparing to leave for home." *Id.* at 397, 393 A.2d at 1166.

The court went on to find the claim was compensable under the Act even though it occurred on a public road.

In *Workmen's Compensation Appeal Board (Slaugenhaupt) v. U.S. Steel Corp.,* 31 Pa. Commw. 329, 376 A.2d 271 (1977), which involved the recovery of widow's benefits under the Act, the husband had an epileptic seizure driving through the employer's parking lot to report to work. He died as he lost control of his car and struck a concrete abutment in the parking lot. The court stated that injuries would be found to be in the course of employment and compensable under the Act in a situation where an employee, although not engaged in the furtherance of the employer's business or affairs "(a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon." *Id.* at 333, 376 A.2d at 273. In response to the employer's argument that the injuries and death were caused by the epileptic seizure and not by the condition of the parking lot, the court stated:

"Section 301(c)(1) (as amended 77 P.S. §411(1)) does not say that the cause of the injuries must be the faulty condition of or negligent operations on the employer's premises, it refers only to the conditions and operations. Concepts of fault and negligence are foreign to the purpose

of the workmen's compensation legislation.... We have found no case in which compensation has been denied a worker injured on his employer's premises because the injuries were not shown to have been caused by faulty conditions or negligent operations." *Id.* at 336, 376 A.2d at 275.

In *Dana Corp. v. Workmen's Compensation Appeal Board (Gearhart),* 120 Pa. Commw. 277, 548 A.2d 669 (1988), it was noted that with respect to the Commonwealth Court's decision in the foregoing case of *Workmen's Compensation Appeal Board (Slaugenhaupt) v. U.S. Steel Corp., supra.* relating to the "condition of the premises" statutory language, and the Supreme Court's decision in *Epler v. North American Rockwell Corp., supra,* that:

"Although the Supreme Court (in *Epler*) did not address the condition of the premises issue, we note that the danger inherent in crossing a public street can be a condition of the premises where a street is held to be part of the premises." *Dana Corp.,* 548 A.2d at 671.

We find that under this interpretation of both the Act and *Epler,* the employee in the instant action was "on the employer's premises" within the intendment of the Workmen's Compensation Act. It is apparent that an employee, required to cross through existing vehicles in the employee's parking lot and who is injured, is entitled to compensation under the Act.

Further, the employee is entitled to compensation even where the accident occurs after the completion of the work assignment for a given day. See *Epler v. North American Rockwell Corp., supra,* citing *Pineda v. Oliver B. Cannon & Sons Inc.,* 172 Pa. Super. 625, 186 A.2d 902 (1953). Pennsylvania courts have denied benefits where the time of the injury was not reasonably proximate to the time of work. *Sheridan v. Glen Alden Coal Co.,* 160 Pa. Super. 115, 50 A.2d 540 (1957) (25 minutes before work time) and *Young v. Hamilton Water Co.,*

158 Pa. Super. 448, 45 A.2d 261 (1946) (one hour before work). However, those cases are clearly distinguishable from the case at bar, where plaintiff employee had just moments before clocked out.

We find that the integral factor in all of the foregoing decisions is not the employer's title to or control over the premises, but rather the fact that he had caused the area to be used by his employees in performance of their assigned tasks. The so-called "premises rule" is based on the employment relationship, not on the employer's ownership and control over the area where the injury occurred. *Epler v. North American Rockwell Corp.,* 482 Pa. at 400, 393 A.2d at 1167. We conclude as a matter of law that plaintiff was injured "in the course of employment" and thereby workmen's compensation is her exclusive remedy.

### ORDER

And now, December 18, 1991, after argument held upon review of the record and consideration of the briefs of counsel, it is hereby ordered and directed that defendant's motion for summary judgment is granted.