# Tolan *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Findings as to injuries—Course of employment—Eviction.*

A finding by a referee, sustained by the Workmen's Compensation Board and the court below, that an employee was injured while attempting to reach his work on premises used by his employer in the conduct of its business, will be sustained on appeal, if based on competent evidence.

Argued February 14, 1921. Appeal, No. 9, Jan. T., 1921, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1920, No. 128, affirming decision of Workmen's Compensation Board which sustained award of referee in favor of claimant, in case of Edward Tolan v. Philadelphia & Reading Coal & Iron Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board.

BECHTEL, P. J., filed the following opinion:

It will be noted that this case was decided prior to the passage of the Act of 1919 amending the Compensation Law of 1915. The claimant was injured in attempting to reach his place of work on the morning in question while traversing a private road leading into the workings of the defendant company, which said private road was used by the defendant company for the purpose of transporting materials to and from the colliery, by the public in hauling coal therefrom and by the workmen in going to and from the colliery. This has been the case for many years.

Among the findings of fact of the compensation board, in the fourth finding of fact, the following appears: "This road is a means of carrying on the business and

activities of the coal operations of the defendant company and is an instrumentality used by it in the conduct of its business and in furtherance of its affairs and as such is part of the premises of the defendant company."

The sixth finding of fact is as follows: "The injury sustained by the claimant was by accident in the course of his employment and was caused by the condition of the defendant's premises, the claimant's presence thereon being required by the nature of his employment."

If these findings of fact are correct, the conclusions of law reached by the board naturally followed. It is not our province to disturb them. We have considered carefully the opinion of the referee and the opinion of the board in support of its findings. This opinion has carefully considered the case and its conclusions are amply supported by authorities cited therein. We do not feel that we could profitably add anything thereto.

And now, February 2, 1920, the conclusion of the board in this case is hereby affirmed.

Defendant appealed.

*Error assigned,* among others, was above decree, quoting it.

*John F. Whalen,* with him *George Ellis,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, March 7, 1921:

The testimony produced in this case was competent and clearly supports the conclusion reached by the Workmen's Compensation Board that an award should be made in favor of the plaintiff.

The award is affirmed and the appeal dismissed on the opinion of the learned court below.