Kasavage *v.* State Workmen's Ins. Fund et al.,
Appellants.

Argued April 17, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Ralph H. Behney,* Counsel for State Workmen's Insurance Fund, and with him *F. Clair Ross, A. L. Edwards,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellants, cited: Annie Wiles v. American Oil Co., 105 Pa. Superior Ct. 282; Feeney v. N. Sellenburg & Company, 103 Pa. Superior Ct. 284; Andrisin v. Temple Coal Company, 101 Pa. Superior Ct. 235.

*Donald Laird Hankey,* and with him *John L. Wilson* and *John H. Wilson,* for appellee, cited: Meucci v. Gallatin Coal Company, 279 Pa. 184; Black v. Herman, 297 Pa. 320; Tolan v. Philadelphia & Reading Coal & Iron Co., 270 Pa. 212.

OPINION BY TREXLER, P. J., July 14, 1933:

Workman's compensation case. The employee suffered an accident and the only question involved is did it occur on the premises of the employer.

There is some discussion in the appellant's brief as to whether the accident occurred on employer's *property* and, of course, if it did not the claimant could not recover, but any doubt as to the location of the accident is removed by the finding of the referee and its approval by the board, that the place of accident was on the property of the employer. The board reversed the referee holding, as a matter of law, that the place where the plaintiff was hurt was not included in the area which would come within the legal acception of the word "premises." The court of common pleas to which an appeal was taken reversed the board obviously on the same state of facts, for the lower court is not a fact finding body, and decided, as a matter of law, that the injury did occur on the "premises."

The referee found "on December 12, 1930 the claimant was on his way to work at the usual time required

of him in his employment with the defendant, he left a road leading past the tipple of the defendant company and started up a path which led to the mine entrance. In going along this path and upon reaching a shanty where trucks were kept by the defendant in the operation of his coal mine the claimant slipped on a fence rail that was lying across the path falling and fracturing his right leg. The accident occurred 40 or 50 feet from the mine tipple and directly in front of the shanty where the operating equipment of the defendant's mine were housed, and the place where the claimant fell, being on property of the defendant.''

It has been often stated that there is a distinction between the word ''premises'' and ''property'' as used in the act. The premises are that portion of the employer's land where he carries on the business in which the employe is engaged: Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360, 118 A. 255. ''While the term 'premises' does not include all property owned by the master, it does include so much thereof as is necessary for the conduct of the business and may embrace a public street maintained by him.'' Meucci v. Gallatin Coal Co., 279 Pa. 184, 123 A. 766. On the other hand roads or paths over remote properties of the master not a part of the plant, although sometimes used by employes in going to and from work are not a part of employer's premises within the statute.'' Black v. Herman, 297 Pa. 230, 146 A. 550. In Tolan v. P. & R. C. & I. Co., 270 Pa. 12, 113 A. 67, the claimant was injured in attempting to reach his place of work while traversing a private road leading into the workings of the defendant company, which said private road was used by the defendant company (as in the present case) for the purpose of transporting materials to and from the colliery by the public in hauling coal therefrom and by the workmen in going to and from the colliery. An award in favor of the work-

man was sustained. Usually paths used only by the employes to go to and from work do not comprise part of the premises.

We are inclined to the opinion that under the facts in this case the lower court was right in concluding that the claimant was injured on the premises. There is a public road close by into which the private road of the employer enters forming at the junction a Y. This private roadway leads to the tipple and mine of the defendant. About 40 feet from the tipple and about 80 feet from the mine's mouth there was a shanty where the trucks, used for hauling the coal mined, were kept. It was not a pathway solely used as a convenient means for the employes to reach the mines, but along the line of the road were two structures, one which was used as a sort of wagon house or garage for the vehicles of the coal company and the other the tipple and further on, as stated was the mouth of the mine, all within a distance of 80 feet, and all affording some useful purpose in carrying on the operation. Had this road been a path leading as a short cut over the fields or affording a more convenient approach to the mine, than the public road, it would not form any part of the colliery, but when a number of buildings are used in a small area for a common purpose and are situated along a road, which is used in connection with the mine and an employe is injured within that area we are constrained to hold that he was, at the time of the accident, on the premises of the employer. There must be many instances where the road leading to the mine is a part of the plant. It may be just as essential as any part of the operation. Each case must necessarily be decided on its own facts. In the present case it appears that the claimant was within the area covered by the activities of the company. The road to which we are referring was provided by the owner to get from the tipple to the pub-

lic road. It was the usual way to get to the mine. We think the appellant is wrong in stating that the path where the accident occurred was "a path-way over which people walked who did not care to walk on the highway." The owner of the mine testified as follows: "Q. Would he be compelled to walk by your wagon shed in order to get to your tipple. A. It would be the best way. Q. While going by your wagon shed, falling over a rail or piece of timber,. would you or would you not say it was the regular and safest way for him to go to the tipple. A. Yes, that would be the safest way. If we haul coal, that is the road we use."

Under the facts, above set out, we conclude that the accident occurred on a private road on lands belonging to the defendant and under his control, and "so connected with the business in which the employe is engaged as to form a component or integral part of it": Feeney v. Snellenburg & Co., 103 Pa. Superior Ct. 284, 157 A. 379.

The order of the lower court is affirmed. The case is remanded to the lower court with instructions to enter judgment on the award as required by law.