## Barton *v.* Federal Enameling & Stamping Company et al., Appellant.

Argued April 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellant.

*Henry Kauffman,* with him *Louis Little,* for appellee.

OPINION BY CUNNINGHAM, J., July 10, 1936:

The single question involved upon this appeal, taken by the employer and its insurance carrier in a workmen's compensation case from the judgment entered in

the court below upon an award by the referee and board, is whether the fatal accident to claimant's husband on the early morning of December 23, 1933, occurred upon the "premises" of the employer, within the meaning of Section 301 of our Workmen's Compensation Act of June 2, 1915, P. L. 736, 738.

It is conceded by counsel for appellants in their statement of the question that "the accident occurred while [the employee was] driving toward his home, over *property* owned by the defendant," but it is contended that he was not then in the course of his employment because he had finished his night's work and had left the *premises* upon which the employer's business and affairs are carried on.

Guiding principles for the disposition of a question of this kind have been announced by this court in Feeney v. N. Snellenburg and Co. et al., 103 Pa. Superior Ct. 284, 157 A. 379, and Molek v. W. J. Rainey, Inc., 120 Pa. Superior Ct. 95, 181 A. 841, in which an allocatur was refused by the Supreme Court.

In the Feeney case, we said: "To be considered as happening on the 'premises' of the employer the accident must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employe is engaged, as to form a component or integral part of it," and also there held that the fact an employee has not started, or has finished, his actual work is immaterial if at the time of the accident he is, in fact, on the premises of his employer, provided, of course, there has been no abandonment of the employment.

In the Molek case, the claimant had finished his work and was leaving the premises when injured. The property involved in that case was a large mine property and because of that fact we said: "It is of course true that the word 'premises' must receive a more narrow definition than that of 'property'. At the same time,

we must give a common sense meaning to the term." We may here add that each case must necessarily be controlled by its particular facts; the ordinary manufacturing plant located in a municipality usually differs in that particular from a large mine property.

With these principles in mind, we are ready to consider the facts established by the uncontroverted evidence in this case. There was, in our opinion, sufficient competent evidence to support the findings of fact of the compensation authorities which may be thus summarized:

The employer operates an enameling and stamping plant in McKees Rocks, Allegheny County, extending from Thompson Avenue in front, to Chartiers Creek in the rear. The main entrance provided by it for the use of employees is on the Thompson Avenue side of the plant, but, as there are railroad tracks, above grade, in the middle of that street, the entrance is used largely by employees arriving on foot. The time clock is near that entrance. In the rear of the plant buildings and along the top of the bank of Chartiers Creek the company constructed out of cinders a narrow private driveway, primarily for the use of its own and other trucks in delivering and removing materials, merchandise, etc. This driveway was the only entrance to the rear of the plant and the only automobile or truck entrance to any part thereof; it connected with Chartiers Avenue, one of the streets of the municipality. Its width was about fifteen feet and it ran for a considerable distance close to the edge of the precipitous embankment of the creek. At the time of the accident it was without guardrails of any description. For a period of approximately one year prior to the accident, employees, both upon the day and the night shift, who came to their work in cars, were tacitly permitted to use the cinder road and to park their cars in the rear of the plant.

On the night of December 22d decedent and his

brother drove to the plant for their work with the night shift and parked their car, along with eight or ten other cars, in the rear of the building in which they were employed. Decedent checked out the next morning, which was cold and foggy, at 6:29 and he and his brother entered the car (owned by the brother) at the parking place and started along the cinder drive on their way home. An excerpt from the referee's third finding of fact reads:

"After driving a short distance on said road the car came to a turn in the road, and then its front wheel went over the embankment and the car with its two occupants ran down said embankment a distance of about ten or fifteen feet into a creek running along said embankment. Said car and the occupants thereof were completely submerged by the water of the creek, and when about twenty minutes later the claimant's deceased husband and his brother were taken from said creek, both of them were dead."

In the case of Tolan v. Phila. and Reading C. & I. Co., 270 Pa. 12, 113 A. 67, the claimant, in attempting to reach his place of work, was injured while traversing a private road leading into the workings of the defendant company and used for the purpose of transporting materials to and from its colliery. Workmen in going to and from the mine also used this road. One of the findings of fact by the board in that case read: "This road is a means of carrying on the business and activities of the coal operations of the defendant company and is an instrumentality used by it in the conduct of its business and in furtherance of its affairs and as such is part of the premises of the defendant company." Another finding read: "The injury sustained by the claimant was by accident in the course of his employment and was caused by the condition of the defendant's premises, the claimant's presence thereon being required by the nature of his employment."

If the enameling plant be substituted for the colliery, the language of that case, adopted by our Supreme Court in a per curiam opinion, would be equally applicable to the present situation.

We have no difficulty in concluding, under the evidence, that at the time of the accident claimant's husband had not left the premises where the business in which he was engaged was carried on.

With respect to the contention of counsel for appellants that the blueprint exhibit (which the court below permitted to be filed as a part of the record) indicates that the employer's property line ran along the upper edge of the embankment down which the car plunged and that title to the slope of the embankment was in other owners, it is sufficient to say that the evidence shows the embankment was under the "control" of the employer and used as a dumping place for "refuse, ashes and broken pieces" from the plant.

As the facts of this case bring it within the principles of law announced in Feeney v. Snellenburg & Co. et al., and Molek v. W. J. Rainey, Inc., supra, none of the assignments of error can be sustained.

Judgment affirmed.