Sheridan, Appellant, *v.* Glen Alden Coal Company.

Argued December 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Roger J. Dever,* for appellant.

*Franklin B. Gelder,* with him *J. H. Oliver* and *George H. Kaercher,* for appellee.

PER CURIAM, January 17, 1947:

Appellant, a miner in the underground workings of one of defendant's collieries, fractured his left leg on February 1, 1945, when he slipped and fell on a parking lot owned by defendant. Appellant came to work in an automobile driven by his son, and reached the parking

lot about twenty-five minutes prior to the time he was to begin work at the mine. After alighting from the automobile, appellant slipped on the snow and fell, fracturing his leg. The mine entrance was approximately 250 feet distant and across a public highway from the point on the parking lot where appellant fell. Appellant was on his way to work and had not entered that part of the property of defendant where his presence was required, and he was not engaged at the time in the furtherance of the business or affairs of his employer.

The parking lot was furnished by defendant as a convenience and accommodation to its employees. It was about 75 feet wide and 200 feet long. On the north and west it adjoins a public highway; on the south the tracks of the Central Railroad of New Jersey; on the east the right of way of the Lehigh Valley Railroad Company.

The Workmen's Compensation Board affirmed the findings of fact, conclusions of law, and award of the referee. The court below set aside the award and entered judgment for defendant.

We agree with the court below that the parking lot was not so connected with defendant's business or its operating premises as to form an integral part thereof, and accordingly the accident sustained by appellant did not occur on the premises of defendant within the provisions of the Workmen's Compensation Act, § 301 of the Act of 1915, as reenacted and amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS § 411.

The facts are substantially the same as those in *Young v. Hamilton Watch Company,* 158 Pa. Superior Ct. 448, 45 A. 2d 261, and that case is applicable and controlling.

The judgment is affirmed.