## Grazer, Appellant, *v.* Consolidated Vultee Aircraft Co.

Argued October 1, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*D. M. Garrahan,* for appellant.

*David B. Skillman,* for appellee.

OPINION BY ROSS, J., November 12, 1947:

In this workmen's compensation case, the referee disallowed an award. The board affirmed the referee, the court below sustained the board, and the claimant has taken this appeal.

The facts are not in dispute. On April 19, 1945, the claimant, employed by the defendant at its plant in

Allentown, boarded a bus to go to her place of employment. The bus stopped on defendant's property near the entrance to a gate through which the claimant would pass to reach her work, and when she got off the bus she stepped on a stone, fell and broke her ankles. The particular piece of ground upon which she fell is immediately outside a wire fence which surrounds the manufacturing operations of the defendant company and is used primarily for parking purposes and for unloading employes who are to pass through the gates of the wire fence. Besides being used for traffic and parking purposes, this same strip of land is covered by the outward movement of gates in the fence which swing out to permit the taxiing of planes from the main plant within the enclosure to defendant's hangar one-third of a mile away.

The question before us, a legal one (*Wolsko v. American Bridge Co. et al.*, 158 Pa. Superior Ct. 339, 44 A. 2d 873), is whether at the time of her injury, the claimant was on the "premises" of her employer within the meaning of the term as used in section 301 of the Workmen's Compensation Act of 1915 as reënacted and amended by the Act of June 21, 1939, P. L. 520, sec. 1, 77 PS 411.

The word "premises" in the act is limited to the property of the employer used in connection with the actual place of work where the employer carries on the business in which the employee is engaged. *Meucci v. Gallatin Coal Co. et al.*, 279 Pa. 184, 123 A. 766; *Hopwood v. Pittsburgh*, 152 Pa. Superior Ct. 398, 33 A. 2d 658. It is well settled that to be considered as happening on the "premises" of the employer the accident must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employee is engaged, as to form a component or integral part of it. *Feeney v. N. Snellenburg & Co. et al.*, 103 Pa. Superior Ct. 284, 157 A. 379; *Wolsko v. American Bridge Co. et al.*, supra, 158 Pa. Superior Ct.

339, 44 A. 2d 873; *Young v. Hamilton Watch Co.,* 158 Pa. Superior Ct. 448, 45 A. 2d 261.

The appellee contends that under the authority of *Young v. Hamilton Watch Co.,* supra—followed in *Sheridan v. Glen Alden Coal Co.,* 160 Pa. Superior Ct. 115, 50 A. 2d 540—the claimant in this case is not entitled to compensation. In the *Young* case the claimant on his way to work was injured while walking on a parking lot owned by the employer and maintained by it for the convenience of its employes. The parking lot was separated from defendant's plant by a public highway. In denying compensation this Court, speaking through Judge (now President Judge) RHODES, stated: "Neither physically nor constructively was the parking lot part of the premises upon which the employer's business was conducted, and in which claimant was engaged. . . . The use of the parking lot by claimant was optional. It was voluntarily provided for his convenience or accommodation, but was not essential to defendant's plant or an integral part of its business." In our opinion, the *Young* case is distinguishable from the case at bar. In this case, the strip of ground on which claimant fell is more than a parking lot provided for "convenience or accommodation" of the employes. It is a means of access to defendant's plant through the main gate and a regular bus stop for employes riding to their work. Gates through which aircraft manufactured by defendant are taxied swing out over this strip and the claimant fell within four or five feet of a concrete runway over which these aircraft are taxied, and a few feet from a reception or guard building which was being erected by the defendant on this strip of land. Furthermore, in this case the strip of land on which the claimant fell is contiguous with the part of defendant's property occupied by its manufacturing plant, separated therefrom only by a wire fence, erected, no doubt, for security reasons. To limit the "premises" of the defendant in this case to that part of its property enclosed within the wire fence would be a narrow and

strained construction of "premises", and we have consistently held that the Workmen's Compensation Act is to be liberally construed.

In our opinion, the claimant was injured while on the "premises" of her employer and entitled to compensation under the authority of the line of cases as illustrated by *Tolan v. Philadelphia Coal & Iron Co.*, 270 Pa. 12, 113 A. 67, and *Feeney v. N. Snellenburg & Co. et al.*, supra, 103 Pa. Superior Ct. 284, 157 A. 379. In the *Tolan* case, the claimant was injured while traversing a private road leading into the workings of defendant company and used for the purpose of transporting materials to and from its colliery; workmen in going to and from the mine also used this road. As claimant was injured while attempting to reach his work on premises used by his employer in the conduct of its business, compensation was allowed. In the *Feeney* case, it was held that a private street, where the employe fell, abutting on employe's entrance to the store building, formed a part of the employer's premises. Cf. *Molek v. W. J. Rainey, Inc.*, 120 Pa. Superior Ct. 95, 181 A. 841, and *Dougherty v. Bernstein & Son*, 160 Pa. Superior Ct. 587, 52 A. 2d 370.

In its opinion the learned court below stated: "The Board did not discuss the defendant's allegations that claimant could have taken an alternate bus which ran directly to the hangar, as under the ruling of the Board it was not necessary. The Court is of the same opinion and, therefore, will not consider said allegation." The appellee requests us to refer this case back to the compensation authorities to consider this allegation in the event we find—as we do—that the claimant was on the premises of her employer when injured. This defense was not raised in the answer to the claimant's petition. Moreover, since claimant was on the premises of her employer when she was injured, the fact that her actual work duties were in a hangar one-third of a mile away does

not affect her right to compensation. *Wolsko v. American Bridge Co. et al.,* supra, 158 Pa. Superior Ct. 339, 44 A. 2d 873. Likewise if the claimant was negligent in not taking "an alternate bus" as negligence is not a defense to a claim for workmen's compensation. Art. III, section 301 of the Act of June 2, 1915, P. L. 736 as amended, 77 PS 431. Consequently, appellee's request to refer the case back to the compensation authorities is refused.

The judgment in favor of the defendant is reversed; the record is remitted to the court below to the end that it may be returned to the board for a proper award of compensation.