Pineda *v.* Oliver B. Cannon & Son, Inc., Appellant.

Argued October 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*J. B. H. Carter,* with him *John B. Hannum, 3rd,* and *Evans, Bayard & Frick,* for appellants.

*David L. Ullman,* with him *Joseph Skale,* for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

The claimant in this Workmen's Compensation case was injured when his automobile was struck by a truck. The referee entered an award for claimant, the board reversed and the court below reversed the board and reinstated judgment against the defendant.

The defendant employer is an industrial painting contractor employed, at the time in question, in scraping and painting a large gas holder on the grounds of the Atlantic Refining Company in Philadelphia. The gas holder is located within the confines of a refinery, all of which is owned by Atlantic and situated on some 600 acres of land, is fenced in and privately policed against trespassers. Employer's workers, including claimant, received special passes to gain admittance to the area; they then had to proceed over one of several private roads from the fence to the gas holder where the work was to be done. On the day of the accident, claimant was paid a full day's wages at about 3:30 P.M. and relieved of further duties. The referee found as a fact that claimant then proceeded to go

home in his own automobile. About one-half mile from the gas holder, but still on one of Atlantic's private roads within the fenced area, the collision occurred which gave rise to this litigation.

There is substantial credible evidence to support the findings of the compensation authorities that claimant was injured while driving away from work and toward his home. There can be no recovery therefore on the theory that he was engaged in furthering his master's business. The sole question for review is whether he was injured on the premises of employer within the meaning of §301 (c) of the Workmen's Compensation Act, the applicable portion of which states: "and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of the employment."

The learned court below entered judgment for the claimant relying on: *Dougherty v. Bernstein,* 160 Pa. Superior Ct. 587, 52 A. 2d 370; *DiCicco v. Downs Carpet Co.,* 137 Pa. Superior Ct. 483, 9 A. 2d 183; and *Black v. Herman,* 297 Pa. 230, 146 A. 550. In each of these three cases, claimant was injured while using an entranceway or exit, which, though leading to the actual place of work, was not owned or directly controlled by the employer. In each case the employer was a tenant occupying rooms within the building involved. Once the claimant entered the land area encompassing the destined place of employment, regardless of whether the tenant-employer or his landlord owned and controlled it, he was on employer's "premises," since he was required to use the means of access.

The analogy of those cases to the instant case is clear. The fact that this employer was not a tenant is a technical and immaterial distinction. The employer had a work contract with Atlantic Refining Company and was therefore temporarily in the position of a tenant in respect to a portion of the area. Their employes received special passes of admission through the gates of the refinery, and were required to use a private road leading from the public highway to the actual place of work. The fact that there may have been an alternate road leading to the outside is no defense, since claimant of necessity still had to traverse a portion of Atlantic's property to reach the gas holder. *DiCicco v. Downs Carpet Co., Inc.,* supra, page 487. The requirement of §301 of the act is that claimant be injured on premises "upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment." Such was clearly the case here.

There is no merit to appellant's contention that the rule in the three cases relied on by the learned court below is restricted to "four walls of a building." The fact that the accidents in those cases occurred in or adjacent to buildings in which the employers were housed in no sense restricts the applicable rule. Though the premises be large or small, a building or an open area, the principle remains the same: an employe who *must* traverse property of employer (or that of his landlord or employer) in order to reach the part thereof where his work is to be done is on his employer's premises. In *Grazer v. Consolidated Vultee Aircraft,* 161 Pa. Superior Ct. 434, 55 A. 2d 538, compensation was granted when the injury occurred one-third of a mile from claimant's work area.

There is a distinction between the facts here and those in cases urged by appellant as analogous. In *Shickley v. Philadelphia & Reading Coal & Iron Co.,* 274 Pa. 360, 118 A. 255, claimant was injured on property owned by employer but not maintained by it in connection with the business. In *Kattera v. Burrell Construction & Supply Co.,* 152 Pa. Superior Ct. 591, 33 A. 2d 498, claimant was injured on a public highway on which his employer was doing repair work but some 1,000 feet from the actual work area; the court in that case justly refused to extend the "premises" beyond the area actually controlled by the employer to places over which the public had enforceable rights. In the instant case the term "premises" includes that area belonging to Atlantic which is fenced in, policed against public use, and maintained by Atlantic as an integral unit.

Judgment affirmed.