393 A.2d 1163

**Mabel A. EPLER, widow of Franklin M. Epler, Deceased, Appellant,**

**and**

**Workmen's Compensation Appeal Board,**

**v.**

**NORTH AMERICAN ROCKWELL CORPORATION and Pennsylvania Manufacturers' Association Insurance Company, Appellees.**

Supreme Court of Pennsylvania.

Submitted Jan. 13, 1978.

Reargument Denied Nov. 8, 1978.

Albert W. Hankin, Philadelphia, for appellant.

D. Frederick Muth, Reading, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

This case is on appeal from the Order of the Commonwealth Court which reversed the Workmen's Compensation

Appeal Board's affirmance of a Referee's award of workmen's compensation benefits to Mabel A. Epler as the result of the death of her husband, Franklin M. Epler.

Decedent, Franklin M. Epler, was employed by North American Rockwell Corporation as a laborer and machine operator in its foundry. On the afternoon of May 19, 1972, decedent parked his car in a lot provided by his employer for employees who drove to work. The municipality in which employer's plant was located had banned on-street parking in the vicinity of the plant, and thereby, required the employer to provide off-street parking facilities for its employees. The employer then established a pecking order in the allocation of off-street parking facilities, allowing managerial and supervisory personnel to park at a site contiguous to the plant while relegating other classes of employees, such as Mr. Epler, to an unpaved lot located across a public street, Park Road, adjoining the employer's plant. The pecking order for the most desirable contiguous parking places was established by the issuance of parking lot permits to limit access to contiguous places to designated employees. Violation of employer's directives as to where to park would result in warnings to the employee and disciplinary action for repeated violations.

Upon the completion of his usual shift, punching in at 3:15 p. m. on May 19, 1972 and punching out at 12:18 a. m. May 20, 1972, Mr. Epler after saying goodnight to the guard at the gate of the plant, proceeded across Park Road heading toward his car where he had parked in the designated lot on the other side of the public thoroughfare. As he was crossing the road, Mr. Epler was struck and killed by one or two automobiles somewhere near the middle of the road at about 12:38 a. m. It was customary for foundry workers to wash up, take a shower, and change clothes after completion of the shift, and the decedent had apparently done this on the day of the accident since his soiled work clothes were found in a bundle in the roadway.

We are called upon to decide whether or not the decedent's death resulted from an "injury arising in the course

of his employment" within the meaning of subsection 301(c)(1) of the Workmen's Compensation Act.[1] The operative language of section 301(c)(1) provides:

"The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury. The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

The first question is whether the decedent was "on the employer's premises" within the intendment of the Workmen's Compensation Act. In construing the phrase "on the employer's premises", Pennsylvania courts have looked to whether the location of the accident was so connected with the defendant's business or operating premises as to form an integral part thereof. *Wolsko v. American Bridge Co.,* 158

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1) (Supp.1978–79).

Pa.Super. 339, 44 A.2d 873 (1945). Several Pennsylvania cases have recognized that a parking lot can be so related to the carrying on of the employer's business as to constitute an integral part of its operations that accidents occurring thereon are compensable. *Vardzel v. Dravo Corporation*, 402 Pa. 19, 165 A.2d 622 (1962); *Ingersoll-Rand Company v. Workmen's Compensation Appeal Board*, 12 Pa.Cmwlth. 502, 316 A.2d 673 (1974); *Shaffer v. Somerset Community Hospital*, 205 Pa.Super. 419, 211 A.2d 49 (1965); *Hesselman v. Somerset Community Hospital*, 203 Pa.Super. 313, 201 A.2d 302 (1964).

Furthermore, the result is not affected by the fact that the parking lot was contiguous to the property on which appellant performed his duties. The Commonwealth Court has properly held that the fact that a parking lot is separated from the employer's actual business operations or plant by a public thoroughfare is of no significance in determining whether the lot can be considered the employer's "premises" within the intendment of the Act. *Ingersoll-Rand Company v. Workmen's Compensation Appeal Board, et al., supra.*

Here there can be no question that the parking lot, on which claimant's vehicle was parked, was an integral part of the employer's business. In *Shaffer v. Somerset Community Hospital, supra,* the court observed that: "In determining the instant appeal, we may not close our eyes to the needs of present day society. The automobile has become the universal means of transportation. A hospital must of necessity have a parking lot." Although the instant case involves a manufacturing plant and not a hospital, the necessity for the establishment of the parking lot was created not for the mere convenience of the plant's employees, but so that the employer could meet the obligation imposed on it by arrangement with the municipality in which it was located to furnish off-street parking by requiring a special sticker designating the places where employees were to park. Failure to comply with that directive was subject to disciplinary action.

Further, the employee is entitled to compensation even where the accident occurs after the completion of the work assignment for a given day. Under established law of this jurisdiction any injury occurring to an employee up until the time he leaves the premises of the employer, provided that it is reasonably proximate to work hours, is compensable. *Pineda v. Oliver B. Cannon & Son, Inc.*, 172 Pa.Super. 625, 93 A.2d 902 (1953); *Barton v. Federal Enameling and Stamping Co.*, 122 Pa.Super. 587, 186 A. 316 (1936). Pennsylvania courts have denied benefits where the time of injury was not reasonably proximate to the time of work. *Sheridan v. Glen Alden Coal Co.*, 160 Pa.Super. 115, 50 A.2d 540 (1947) (25 minutes before work time); *Young v. Hamilton Watch Co.*, 158 Pa.Super. 448, 45 A.2d 261 (1946) (one hour before work time). Those cases are distinguishable from the case at bar because of the temporal proximity between the time of instant claimant's injury and the time when he left the plant gate. Once it has been established, as in this case, that a parking lot is part of the employer's business premises, injuries occurring to an employee upon the lot are compensable when the employee's presence on the lot is temporally proximate to the hours of work. *Ingersoll-Rand Co. v. Workmen's Compensation Appeal Board, supra.* Thus it is clear that claimant would have been entitled to recovery under the facts of this case if the fatal accident had occurred while he was on the non-contiguous parking lot preparing to leave for home. Thus the final question left for resolution is whether the fact that the accident occurred upon the public road, which he was required to traverse to reach the parking lot, changes the result.

We find no justification in logic or law which would support the conclusion that compensation should be denied, under the facts of the instant case, solely because the accident occurred while the claimant was crossing a public road. Our cases have consistently recognized that the phrase "course of employment" is to receive a liberal construction. *Haas v. Brotherhood of Transportation Workers,*

158 Pa.Super. 291, 44 A.2d 776 (1945). To employ the distinction between accidents occurring on a public way and a private way. *See Kasavage v. State Workmen's Insurance Fund*, 109 Pa.Super. 231, 167 A.2d 473 (1933); *Dougherty v. Bernstein & Son*, 160 Pa.Super. 587, 52 A.2d 370 (1947); *Grazer v. Consolidated Vultie Aircraft Co.*, 161 Pa.Super. 434, 55 A.2d 538 (1947), under the facts of this case would place undue significance upon a fact that should not here be controlling. The real question is whether the site of the accident was an integral part of employer's premises. The actual ownership of the area is not necessarily determinative of the question. We are satisfied that there are circumstances where an area can properly be designated as "on the employer's premises" within the meaning of the Act even though the employer is not the legal owner of that area.

A public roadway was deemed to be "on the employer's premises" written the meaning of the Act, supra, in *Meucci v. Gallation Coal Co.*, 279 Pa. 184, 123 A. 766 (1924). There this Court stated:

> The word "premises", as appearing in the Compensation Act, . . . , does embrace [property] used in connection with the actual place of work where the employer carries on the business in which the employee is engaged. (citations omitted)

In that decision we recognized that the critical consideration was not the employer's title to the land but the use of the area in the business operation in which the employee was engaged. In *Hesselman v. Somerset Community Hospital*, 203 Pa.Super. 313, 201 A.2d 302 (1964) the Superior Court held that a public alley leading to the door of the laundry of the hospital where claimant worked was "on the premises of the employer." In that case the court found that the alley was an integral part of the employer's premises even though it recognized that the general public had the right to use the area.

In *Strunk v. E. D. Huffman and Sons*, 144 Pa.Super. 429, 19 A.2d 539 (1941), where the decedent was struck by an automobile while crossing a public road, the injury was held

compensable on the ground that the nature of the employer's integrated business operations, consisting of a store, a hotel and a gasoline station which were separated by the public highway, made that location a part of employer's premises occupied by the employee while engaged in the employer's business.  In *Lints v. Delaware Ribbon Manufacturers,* 173 Pa.Super. 540, 98 A.2d 643 (1953) the Superior Court stated: "Where an entrance or an exit is provided by the employer for his employes, or where such exit or entrance is available and intended for use, or is the usual means of ingress or egress  .  .  .  to the [employer's] place of business;  .  .  .  then such entrance or exit, whether located on property under the control of the employer or not, is part of the employer's 'premises'."  It therefore follows that it should not be significant that a portion of the area designated by the employer for egress or ingress is not located upon land owned by the employer.

The foregoing decisions reflect the view that the critical factor is not the employer's title to or control over the area, but rather the fact that he had caused the area to be used by his employees in performance of their assigned tasks.  The basis for the compensation is that the employee was in the area where the injury was sustained directly because of his employment.  Since the Workmen's Compensation Act, supra, is not premised upon the wrongdoing or negligence of the employer, but rather is bottomed upon the employment relationship, there is no necessity to require a finding of ownership or control.  It is sufficient if the employee is required to be in the area because of the employment.[2]

Order of the Commonwealth Court is vacated and the decision of the Workmen's Compensation Appeal Board awarding compensation is reinstated.

**2.**  We expressly reject the restrictive reasoning of the Commonwealth Court in *North American Rockwell Corporation v. Workmen's Compensation Appeal Board,* 21 Pa.Cmwlth. 437, 346 A.2d 379 (1975).

ROBERTS, J., did not participate in the decision of this case.

POMEROY, J., filed a concurring opinion.

POMEROY, Justice, concurring.

As I view what happened in this case, the claimant's husband met his death while crossing a public highway en route from one part of his employer's premises—the factory—to another part of the premises—the parking lot. I agree that in this situation the decedent's death should be compensable.

I concur separately because I believe that the majority states its holding in terms more expansive than warranted by the salutary theory the opinion expounds. The majority is correct that the award of compensation for injuries upon the employer's premises, the so-called "premises rule",[1] is based on the employment relationship, not on the employer's ownership and control over the area where the injury occurred. For an injury to be compensable, however, it is neither legally nor logically "sufficient" merely that "the employee is required to be in the area because of the employment," as stated by the Court, *supra* at 1167. Rather, the instant case falls within a narrow exception to the "premises rule", *viz.* travel between two parts of the premises.

The exception to the "premises rule" recognized by the Court today is that an injury in a public street or other off-premises place between plant and parking lots is in the course of employment because it occurs on a necessary route between two portions of the premises. This position represents the majority rule of other jurisdictions, as the cases collected in the margin show.[2] The best explanation for

1. See subsection 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, art. III, § 301(c)(1), *as amended*, 77 P.S. § 411(1) (Supp.1978), reprinted in the Majority Opinion, *supra* at 1164–1165.

2. *Lewis v. WCAB*, 15 Cal.3d 559, 125 Cal.Rptr. 353, 542 P.2d 225 (1975) (compensable injury incurred by county employee during

today's short extension of the "premises rule" is that the employer is responsible for creating the necessity of his employees' encountering the particular hazards of the trip between a non-contiguous parking lot and the working plant

three-block walk from leased parking lot to work premises); *State Compensation Ins. Fund v. Walter*, 143 Colo. 549, 354 P.2d 591 (1960) (compensable injury occurred on public street separating parking lot from main area); *Proctor-Silex Corp. v. DeBrick*, 253 Md. 477, 252 A.2d 800 (Md.App.1969) (successful claimant injured while walking on icy sidewalk adjoining employer's building en route from leased parking lot across the street); *Adair v. Metropolitan Bldg. Co.*, 38 Mich.App. 393, 196 N.W.2d 335 (1972) (resident building superintendent compensated for injury incurred walking from employer's building along driveway owned by another company to employer's parking lot); *Lewis v. Walter Scott & Co.*, 50 N.J.Super. 283, 141 A.2d 807 (1958) (compensable fall on public sidewalk connecting building with employees' parking lot); *Gaik v. National Aniline Div., Allied Chem. & Dye Corp.*, 5 A.D.2d 1039, 173 N.Y.S.2d 409 (1958) (fall on sidewalk outside of plant compensable when employee was coming from employer-owned parking lot located two blocks away); *Swanson v. General Paint Co.*, 361 P.2d 842 (Okl.1961) (fatal accident while crossing a public highway between the work premise and a parking lot furnished by the employer's landlord was compensable; *Willis v. State Acc. Ins. Fund*, 3 Or.App. 565, 475 P.2d 986 (1970) (university dean awarded benefits for fall in public area between university parking lot and his office). *Cf. Liberty Mutual Ins. Co. v. Bray*, 136 Ga.App. 587, 222 S.E.2d 70 (1975) (claimant struck by auto while crossing public highway from place of employment to employer-provided parking lot; injury held not compensable in 5–4 decision because of claimant's willful misconduct in violating statute by jaywalking 300 feet from pedestrian crossing at traffic light). *Contra, Maddox v. Heaven Hill Distilleries, Inc.*, 329 S.W.2d 189 (Ky. App.1959) (no award to employee struck crossing public street to company lot; Kentucky does not consider parking lots to be "premises"); *Osborn v. Industrial Comm'n.*, 50 Ill.2d 150, 277 N.E.2d 833 (1972) (injury of claimant struck by auto crossing public street from factory to employer-owned parking lot held noncompensable as normal "going and coming"); *Horn v. Sandhill Furniture Co.*, 245 N.C. 173, 95 S.E.2d 521 (1956) (compensation denied employee struck by car while crossing highway to employer-owned vacant lot where employees parked cars and ate lunch); *Smith v. Camel Mfg. Co.*, 192 Tenn. 670, 241 S.W.2d 771 (1951) (employee fell on icy public sidewalk between employer-controlled parking lot and office building; Tennessee does not consider employer's parking lot to be "premises"); *Peters v. Bristol Mfg. Corp.*, 94 R.I. 255, 179 A.2d 853 (1962) (no compensation for fall in public sidewalk between parking lot and work place); *Dickson v. Industrial Comm'n.*, 261 Wis. 65, 51 N.W.2d 553 (1952) (claimant denied compensation for injury incurred while following path maintained by employer over streetcar tracks to parking lot).

itself. The extension is not intended to broaden the coverage of compensable injuries beyond those which occur while an employee is traveling between two parts of the employer's premises. See 1 A. Larson, Workmen's Compensation Law §§ 15.10–.15 (1978 and Supp.1978).