393 A.2d 1168

**John M. HREHA, Appellant,**

v.

**HARRY SUGERMAN, INC. and Pennsylvania Manufacturers' Association Insurance Co., and Workmen's Compensation Appeal Board.**

Supreme Court of Pennsylvania.

Submitted Jan. 13, 1978.

Decided Oct. 5, 1978.

Robert W. Munley, Scranton, for appellant.

H. R. VanDeusen, Jr., Scranton, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

John M. Hreha, Sr. was employed at a drugstore located on Route 6 in Lackawanna County. On May 28, 1974, as was his custom, appellee left the store for lunch and on return to resume his duties, parked his car in a lot provided by his employer. The employee was required to park his vehicle in this parking lot by order of his employer. A contiguous parking lot was reserved for customers of the store and the employees were directed not to use it. To reach the store from the lot it was necessary to traverse the public highway. As Mr. Hreha was crossing the highway upon his return from lunch, he was struck by an automobile and sustained injuries for which he claimed compensation under the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, art. 1, § 101 et seq., as amended, 77 P.S. § 1 et seq. (Supp.1978–79).

The Referee awarded benefits to Mr. Hreha and that action was affirmed by the Workmen's Compensation Appeal Board. The Commonwealth Court relying upon its opinion in *North American Rockwell Corp. v. Workmen's Compensation Appeal Board*, 21 Pa.Cmwlth. 437, 346 A.2d

379 (1975), reversed the Board and held that an employee injured while crossing a public highway to get from the employer's plant to a parking lot supplied by the employer and in which the employee was required to park, was not on the premises of the employer. We granted review to consider this question.

In a decision filed this day we have held that the fact that the accident occurred in a public highway does not preclude compensation under section 301(c)(1) of the Act, *supra*, 77 P.S. § 411(1); provided that the area is an integral part of the employer's business. *Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163, 1164–1165 (1978). Under the indisputed facts of this case, *Epler* is controlling.

Order of the Commonwealth Court is vacated and the decision of the Workmen's Compensation Appeal Board awarding compensation to the employee is reinstated.

ROBERTS, J., did not participate in the decision of this case.

POMEROY, J., filed a concurring opinion.

POMEROY, Justice, concurring.

I concur separately in this case because of my view as expressed in *Epler v. North American Rockwell Corporation*, 482 Pa. 391, 393 A.2d 1163 (1978).