[J-22-2019] [MO: Wecht, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

US AIRWAYS, INC. AND SEDGWICK
CLAIMS MANAGEMENT SERVICES,
INC.,

           Appellants

           v.

WORKERS' COMPENSATION APPEAL
BOARD (BOCKELMAN),

           Appellees

: No. 35 WAP 2018
:
:
: Appeal from the Order of the
: Commonwealth Court entered
: February 22, 2018 at No. 612 CD
: 2017, affirming the Order of the
: Workers' Compensation Appeal Board
: dated April 19, 2017 at No. A16-0545.
:
: ARGUED:  May 14, 2019
:
:
:
:
:

## <u>CONCURRING OPINION</u>

**JUSTICE DOUGHERTY**                 **DECIDED:  NOVEMBER 20, 2019**

I concur in the result reached by the majority.  I write separately to note my concern that the majority's opinion might be read as expanding *Epler v. North American Rockwell Corp.*, 393 A.2d 1163 (Pa. 1978), to all avenues of ingress to and egress from the workplace.  I do not approve of such a broad reading, and thus emphasize the majority's holding is limited to the discrete facts of this case.  Majority Opinion, slip op. at 13.

Specifically, the record reveals US Airways was legally obligated to reimburse claimant for parking expenses under the applicable collective bargaining agreement, and ostensibly complied with this contractual obligation by purchasing the required SIDA badge for claimant and thereby sponsoring her airport parking.  Moreover, due to the expansive geographical size of the Philadelphia International Airport (and the strict security requirements inherent in modern-day airport terminal access), when claimant

used the SIDA badge provided by her employer US Airways to enter the secure employee parking lot, she had no realistic choice but to use the employee shuttle bus to enter and exit from the terminal — her workplace. In my view, these circumstances in particular indicate claimant's use of the shuttle bus was connected with and integral to her employer's operations at the Philadelphia International Airport, and the Commonwealth Court correctly determined she is entitled to workers' compensation benefits as a result of her injury on that bus.[1]

---

[1] I respectfully distance myself from the majority's unnecessary additional holding regarding the employee parking lot, which is not at issue in this appeal. *See* Majority Opinion, slip op. at 13 ("Given these facts, we have little difficulty concluding that **the parking lot** and shuttle were connected with, and thus integral to, US Airways' business operations at the Philadelphia International Airport.") (emphasis added).