**[J-22-2019] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| US AIRWAYS, INC. AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., | : | No. 35 WAP 2018 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court entered |
| Appellants | : | February 22, 2018 at No. 612 CD |
| | : | 2017, affirming the Order of the |
| | : | Workers' Compensation Appeal Board |
| v. | : | dated April 19, 2017 at No. A16-0545. |
| | : | |
| | : | ARGUED: May 14, 2019 |
| | : | |
| WORKERS' COMPENSATION APPEAL | : | |
| BOARD (BOCKELMAN), | : | |
| | : | |
| Appellees | : | |

**CONCURRING OPINION**

**JUSTICE BAER**                               **DECIDED: NOVEMBER 20, 2019**

I agree with and join parts I, II, and IV of the majority's opinion holding that the claimant in this case, Betty Bockelman, is entitled to workers' compensation benefits for the injuries she suffered while riding a shuttle bus to an employee parking lot after her shift ended. I believe, as the majority holds, that Bockelman was within the course of her employment at the time of her injury because the lot in which she parked her vehicle, and was traveling to at the time of her injury, was integral to her employer, US Airways', business operations.

I concur in part III of the majority's opinion. In this section, in response to arguments made by US Airways, the majority discredits several Commonwealth Court cases. *See* Majority Opinion at 11-12 (indicating that the Commonwealth Court cases of *Waronsky v. W.C.A.B. (Mellon Bank)*, 958 A.2d 1118, 1125 (Pa. Cmwlth. 2008), *Ortt v.*

*W.C.A.B. (PPL Servs. Corp.)*, 874 A.2d 1264, 1267-68 (Pa. Cmwlth. 2005), and *PPL v. W.C.A.B. (Kloss)*, 92 A.3d 1276, 1285 (Pa. Cmwlth. 2014), are unpersuasive and were based on a misunderstanding of the central holding of this Court's decision in *Epler v. N. Am. Rockwell Corp.*, 393 A.2d 1163, 1166-67 (Pa. 1978)). Respectfully, the majority mischaracterizes these cases. They are distinguishable from this Court's decision in *Epler* as well as this case, and their precedential value is therefore unaltered by today's ruling.

As this Court held in *Epler* as well as in the instant case, a parking lot may be considered part of an employer's premises if it is integral to the employer's workplace. In *Epler*, we concluded that a parking lot provided to employees by the employer was integral to the employer's business where alternative on-street parking was unavailable. We concluded that because the employer in *Epler* caused the parking area on its premises to be used by its employees in the performance of their assigned tasks, the claimant in that case was entitled to benefits when he was injured crossing a public roadway after work to traverse the path from his job site to the parking lot.

As in *Epler,* here the employee parking lot at the Philadelphia International Airport was integral to US Airways' business operations because, but for the Division of Aviation making the lot available to US Airway employees, US Airways would have been obligated under its collective bargaining agreement with the Association of Flight Attendants to provide employees with parking or reimburse employees like Bockelman for their cost of parking at the airport. *See* Majority Opinion at 13. Thus, as in *Epler*, Bockelman was injured within the scope of her employment when traveling from the airport, her job site, to her parking lot after work.

As said, in my view, the other cases discussed by the majority are distinguishable from *Epler* and the case at hand and remain good law. In *Waronsky*, the claimant worked in a downtown office building and parked, by her choice, in a parking garage owned by

her employer. She was injured as she crossed a public street between the parking garage and her office building. The claimant was not provided parking by her employer or directed to park in its garage. She was free to park in any of the thousands of parking spots in the downtown area where she worked. Under these circumstances, the *Waronsky* court concluded that the parking garage where the claimant parked was not integral to the employer's premises, and no action on the part of the employer caused the parking area to be used by employees in the performance of their assigned tasks. Thus, *Waronsky* is clearly distinguishable from *Epler*, where the employer provided employees a place to park due to the lack of on-street parking.

In *Ortt*, the claimant was denied benefits where she was injured when she slipped on ice in a parking garage where she parked her vehicle. Her employer leased spaces in the garage for employee parking and provided discounted parking to employees who used the garage. The court, however, found that the garage was not integral to employers' business because parking in the garage was purely optional and it was the employee's responsibility to arrange for and pay for part of the parking space.

Thus, while the employer in *Ortt* afforded employees the opportunity to arrange for optional parking places at a discounted rate as an employee benefit, unlike in *Epler*, where providing parking to employees was necessary given there was no on-street parking available, the garage was no way integral to the employer's business. Likewise, *Ortt* is distinguishable from this case where US Airways was obligated to provide employee parking, thus, the two cases are factually inapposite and should be read consistently.

Finally, *PPL* is factually distinct from *Epler* as well. There, as in *Ortt*, the employer provided subsidized parking in a nearby parking garage. The claimant was injured in the lot when she slipped and fell while walking to her vehicle after work. As in *Ortt*, the

Commonwealth Court concluded that the parking lot was not integral to employer's business because even though the employer provided subsidized parking as an employment benefit, employer in no way caused the claimant to use the lot, which was completely optional.

Again, as distinguished from *Epler* and this case, the employer in *PPL* was not providing parking on its premises because other parking was largely unavailable or to fulfill an obligation as a result of collective bargaining. Rather, the employer there merely choose to make optional parking available as an employee benefit. Accordingly, the claimant in *PPL* was not within the scope of employment when she was injured.

Based on the foregoing, I would find the Commonwealth Court cases of *Waronsky*, *Ortt*, and *PPL* distinguishable from our decision in *Epler* and this case. Thus, I distance myself from the majority's expression to any extent it can be viewed as casting doubt on these decisions.

Justice Mundy joins this concurring opinion.